MERCHANTS' NAT. BANK OF CHICAGO *et al.* v. SABIN *et al.*

*(Circuit Court, D. Minnesota.* April 4, 1888.)

CREDITOR'S BILL — FAILURE TO SHOW THAT LEGAL REMEDY HAS BEEN EXHAUSTED.

    A bill by a judgment creditor for discovery showing that, when the execution was returned unsatisfied, and when the bill was filed, there was property, within the knowledge of the creditor, subject to levy on execution, fails to show that the legal remedy has been exhausted, and is demurrable.

In Equity. On demurrer to bill.

The plaintiffs, the Merchants' National Bank, of Chicago, and First National Bank, of Ithaca, are judgment creditors of the firm of J. H. Towns-

hend & Co., composed of the defendants James H. Townshend, D. M. Sabin, and George M. Brush. Their judgments were recovered and docketed in this court January 6, 1886, in suits on promissory notes made by the firm of J. H. Townshend & Co. to the order of the Northwestern Manufacturing & Car Company, and by that company indorsed. This bill is exhibited against the partners in the firm, against Maria Louise Brush, wife of the defendant George M. Brush, and against R. B. Langdon, the Minnesota Thresher Company, a corporation, and J. C. O'Gorman. The bill alleges that on March 16, 1887, execution on each judgment was issued against the property of J. H. Townshend & Co., and of each partner, and that on March 23, 1887, the marshal made return thereof; "that said defendants, nor either of them, had any goods, chattels, lands, tenements, or real estate within said district whereupon to levy and satisfy the said executions, or any part thereof;" and that said executions are wholly unsatisfied. In respect to the defendant Sabin, for whom this brief is filed, the bill further alleges, as follows: That Mr. Sabin is or claims to be a creditor of the Northwestern Manufacturing & Car Company, (a corporation, which is insolvent, and whose property is in the hands of a receiver appointed May 10, 1884, by the district court for Washington county, Minn.,) upon claims of $128,893.33 and $736,000, and $3,500 respectively, amounting in all to $868,393.33; that these claims have been duly filed with the receiver, but are contested and undetermined; that the stock, property, and assets of the car company are "very nearly adequate to pay and discharge all of the just debts and liabilities," and that the claims of Mr. Sabin, if sustained, are worth at least $60,000. And the plaintiffs say that if this court will appoint a receiver of Mr. Sabin's property, and order such receiver to sell these claims, the plaintiffs will procure a bid therefor in excess of $2,000. The bill further alleges that the defendant thresher company is a corporation organized for the purpose (among others) of buying the property, assets, indebtedness, and stock of the car company, and for manufacturing of steam-engines, etc., with an authorized capital divided into $4,000,-000 of preferred stock, and $3,000,000 of common stock; that its plan is to issue its preferred stock in exchange for claims against the car company, and its common stock in exchange for preferred stock of the car company, share for share. The bill further states that on May 10, 1884, Mr. Sabin was a man of large means, and, among other things, was the owner of or equitably interested in a majority of the $4,000,000 capital stock of the car company; was a partner in J. H. Townshend & Co., and was also beneficially interested in many other enterprises unknown to the plaintiffs; that defendants Townshend, Sabin, and Brush have property and other equitable interests and *things in action* of the value of more than $2,000, exclusive of all prior claims thereon, but which the plaintiffs have been unable to reach by execution on their judgments. The bill further states that the defendant Sabin has recently become the owner of, *or* equitably and beneficially interested in, a large amount of the stock of the thresher company, which stock is of great value, and has not been transferred to Mr. Sabin on the books of the company, and

plaintiffs have no means of determining accurately the amount of stock so owned by Mr. Sabin, or in which he is so interested; that Mr. Sabin, unless restrained by injunction, will convért his claims against the car company into preferred stock of the thresher company, and will sell or dispose of such stock so as to hinder and delay plaintiffs in collecting their judgments. The bill further alleges that the firm of J. H. Townshend & Co., being a debtor to the First National Bank, of Stillwater, in more than $15,000, that bank recovered judgment in Dakota territory, and levied upon elevators in that territory belonging to the firm, sold them on execution, and became the purchaser; and that afterwards the bank sold and conveyed the elevators to the defendant Maria Brush, wife of defendant George M., for a large consideration, all of which was paid by defendants Sabin and George M. Brush, for whom she now holds the title in trust, all for the purpose of defrauding the plaintiff and other creditors. The bill further alleges that defendant Sabin was indorser of the car company's paper to the amount of over $1,000,000, and was rendered insolvent by the company's failure. That defendant O'Gorman, then a man of moderate means, has since acquired and now holds property, (whether real or personal is not stated) worth over $50,000; but that all of it has been bought and paid for by Mr. Sabin and is held upon a secret trust for him by Mr. O'Gorman, who is his confidential friend, adviser, and employe. The bill further alleges that Mr. Sabin has, without consideration, transferred a large amount of real or personal property, or both, owned by him or in which he had a beneficial interest, to the defendant R. B. Langdon, with intent to defraud his creditors. No attempt is made to identify the property. The bill also alleges (page 13) that the defendants Townshend, Sabin, and George M. Brush, or some of them, are owners of or in some way interested in some real estate or some chattels, or some contracts for real estate, or in the rents, etc., of some real estate, or in the stock of some corporation; and that some of them have in possession some money in coin or bank bills, and have some money or securities for payment of money held by some other person or persons in trust for them, or some of them; and that if they, or either of them, have made any transfer of any part of their property or effects, the plaintiffs believe that such transfer is merely colorable, and made to defraud creditors. To this bill the defendant D. M. Sabin has demurred for want of equity, so also the other defendants.

*Clapp & Macartney,* for complainants.

*George B. Young, Searles, Ewing & Gail, Fayette Marsh,* and *Woods, Hahn & Kingman,* for defendants.

NELSON, J., (*after stating the facts as above.*) A court of equity will give relief in favor of the judgment creditor only when the remedy at law is inadequate and not effectual to reach property by execution, or when there is some obstruction to the enforcement of the legal remedy. The right to relief in the present suit is claimed upon the ground that the legal remedy has been pursued and exhausted, and that the debtor has property interests not subject to an execution at law, but such as can be

reached in equity. The complainant obtained judgments, and executions were issued and returned by the officer. The debt is not paid, or any part of it, and relief can only be obtained, if at all, by the issuance of an *alias* execution, or in equity, by a creditor's bill. The latter course is pursued, and to entitle the complainant to pursue this remedy it must appear in the bill that a judgment was obtained, and that execution issued and was returned by the officer to whom it was directed unsatisfied. The allegations in the bill definitely describe the judgments and executions, and the return upon each of the latter is in the following words:

"That said defendants, nor either of them, had any goods, chattels, lands, tenements, or real estate, within said district whereupon to levy and satisfy the said executions, or any part thereof."

It is necessary to have the execution returned before any relief can be given, and it must be alleged in the bill that the legal remedy has been exhausted by the creditors without being able to obtain satisfaction of the debt. If the return of the officer upon the execution, set forth in the bill of complaint shows the remedy afforded is ineffectual it is sufficient. The court does not inquire how diligent the officer is in his effort to find property subject to levy, and his return is conclusive; but it must appear, however, by the allegations in the bill, that the legal remedy is not effective. A party who seeks a court of equity, in a case like this one, is required to show in his bill distinctly all the facts which entitle him to such aid, for the court will not grant the relief claimed, or interfere if there is a plain and adequate remedy at law. The bill must charge that the judgment creditor cannot discover and reach the debtor's property interests at law.

In this bill of complaint it appears that the assets of the debtor sought to be appropriated to the satisfaction of the debt are subject to levy on execution under the statute of the state of Minnesota, and that the creditor had knowledge of them at the time the officer made his return. The legal remedy, for ought that appears to the contrary, is full and adequate, and has not been exhausted. It is essential to the jurisdiction of this court in a suit for discovery and relief, on the ground that the legal remedy of the creditor is exhausted, that the bill must charge that the judgment debtor has no property subject to execution at law, and if the complainants charge and show in their bill that property of the debtor subject to execution existed at the time he filed his bill, he does not require a a discovery and relief in a court of equity. Such is the complainant's condition, and the demurrer must be sustained, and it is so ordered.

The demurrers interposed by the other defendants are also sustained, and the bill dismissed.